IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ANTHONY DELLIS SPENCER,**<br><br>                 **Petitioner,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>                 **Respondent.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:07CV955DAK** |

       This matter is before the court on Petitioner Anthony Dellis Spencer's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Petitioner was sentenced on August 16, 2004, and because hearings regarding the issue of restitution were held, judgment was entered not entered until December 3, 2004.  The court sentenced Petitioner to 360 months in the custody of the Bureau of Prisons to run concurrent with a sentence imposed in case 2:03cr182TC.  Petitioner appealed and judgment was entered affirming Petitioner's judgment on August 9, 2006.  Petitioner did not file his motion under § 2255 until December 10, 2007.

       A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in

violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

     A conviction became final when the possibility of direct review ended--when he failed to take a direct appeal within ten days of the entry of the judgment and sentence. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir.2000) (holding that the one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires). In *United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000), the Tenth Circuit discussed when a judgment of conviction becomes final after a petitioner's direct appeal. The court reasoned that a "decision of the court of appeals is subject to further review, and therefore not 'final' within the meaning of § 2255 until direct review has been completed." 202 F.3d at 1277 (quoting *Kapral v. United States*, 166 F.3d 565, 571 (3d Cir.1999)). The court concluded that "a defendant's judgment of conviction was not final for purposes of the one-year limitation period in § 2255 until the time during which she could have filed a petition for writ of certiorari had expired." *Id.* at 1278.

     Therefore, in this case, Petitioner had ninety days to file a petition of certiorari after the Tenth Circuit's judgment was entered on August 9, 2006. Petitioner did not file a writ of certiorari. The one-year statute of limitation then began to run on November 9, 2006, and Petitioner had until November 9, 2007 to file his § 2255 motion. Petitioner's motion, which was

filed December 10, 2007, is untimely.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) .  This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S. Ct. 1195, 149 L. Ed. 2d 110 (2001).  Petitioner has the burden of establishing that equitable tolling should apply.  *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Petitioner states only that there were several lock-down situations that occurred at his facility which prevented his access to the law library and legal materials.  *See Gibson*, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law ... is not enough to support equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir.2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks omitted).

The court declines to exercise its discretion to equitably toll the one-year statute of limitations.  Even if Petitioner's claims had been timely, his claims are barred because they were not raised on direct appeal.  If an issue is not raised on direct appeal, the petitioner "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of

justice." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).  Petitioner has not established cause excusing the procedural default or prejudice resulting from the alleged errors.

For these reasons, Petitioner's motion is denied and this case is dismissed with prejudice.

DATED this 2d day of January, 2008.

        BY THE COURT:

        Dale A. Kimball
        United States District Judge