IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ANTHONY DELLIS SPENCER,**<br><br>　　　　　　**Petitioner,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　**Respondent.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:07CV955DAK |

　　　　　This matter is before the court on Petitioner Anthony Dellis Spencer's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Petitioner was sentenced on August 16, 2004, and, because hearings regarding the issue of restitution were held, judgment was not entered until December 3, 2004.  The court sentenced Petitioner to 360 months in the custody of the Bureau of Prisons to run concurrent with a sentence imposed in case 2:03cr182TC.  Petitioner appealed and judgment was entered affirming Petitioner's judgment on August 9, 2006.  Petitioner filed a Writ of Certiorari on November 6, 2006, and the Supreme Court denied his petition on December 11, 2006.  The fact that Petitioner filed a Petition for writ of certiorari was either not communicated to the district court or not entered on the district court's docket.  In any event, as a result of the Tenth Circuit's decision, the court is now aware of the Petitioner's certiorari petition.  Petitioner timely filed his § 2255 motion on December 10,

2007.  The court has ordered the Respondent to file a response to Petitioner's motion.  Respondent filed a response on July 30, 2008.

Petitioner advances four grounds in attacking his sentence: 1) his counsel made a tactical error in allowing Defendant to plead guilty to the substantive offense of possession of a controlled substance; 2) the court erred in not dismissing the Indictment based on outrageous governmental misconduct; 3) the government improperly withheld *Brady* evidence favorable to Defendant because it demonstrated entrapment; and 4) his counsel provided ineffective assistance of counsel by failing to investigate the case and by advising Defendant to plead guilty.

*1) Ineffective Assistance of Counsel*

First, to establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  Petitioner has a burden to demonstrate that his attorney's performance was unreasonable under prevailing professional norms.  *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

The government responds that the discovery in this case, which was provided to Petitioner's counsel, included police reports stating that Petitioner called a parolee, James Hill, and offered to sel him drugs.  An undercover officer accompanied Hill to the transaction.  Petitioner attempted to complete the crime by ordering associates to bring the drugs to his location to complete the sale.  Petitioner admitted to these facts in his Statement in Advance of

Plea.  Also, Petitioner's Criminal History Report showed that Petitioner had been arrested for drug crimes on more than one occasion.  These facts do not support an entrapment defense and counsel was, therefore, not deficient in failing to raise an entrapment defense.  In addition, defense counsel filed an extensive memorandum arguing for a lesser sentence based on an obstruction enhancement and other sentencing issues.

Even if counsel's performance was deficient in conducting her own investigation, there is no evidence that the outcome would have been different.  Defendant admitted to the facts underlying his plea.  Had he not taken his counsel's advice to plead guilty, he would have lost three points for acceptance of responsibility.  Therefore, the record shows that Petitioner received competent representation and there is no basis for finding ineffective assistance of counsel.

*2) Government Misconduct*

Defendant claims that the government created a crime and directed the criminal enterprise from start to finish.  This allegation is contradicted by all of the factual evidence.  Police involvement began when Hill told his parole officer that Petitioner had offered to sell him methamphetamine.  Petitioner, therefore, set this crime in motion when he offered to sell Hill drugs.  An officer merely accompanied Hill to the transaction with Petitioner.  These facts do not support an assertion that the government directed the criminal enterprise or engaged in outrageous governmental misconduct.  The court, therefore, finds no grounds for attacking Petitioner's sentence based on the government's conduct.

*3) Disclosure of Evidence*

Petitioner does not specifically articulate what evidence he claims the government failed

to produce. The government asserts that it produced all reports and information in its possession. The reports and evidence produced to Petitioner's counsel demonstrated that there was no entrapment. Petitioner does not even attempt to provide any kind of factual basis for the existence of any other evidence. Therefore, the court cannot find that there is any merit in Petitioner's assertion that there was some sort of evidence that was not provided that would demonstrate entrapment.

## CONCLUSION

Based on the above reasoning, the court orders that Petitioner's motion under 28 U.S.C. § 2255 is DENIED and his case is DISMISSED.

DATED this 18th day of August, 2008.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge